Fuchsberg, J.
The sole issue on this appeal is whether a Grand Jury subpoena duces tecum may be used to compel a witness to surrender possession of records or other property to a prosecutor for independent examination outside the presence of the Grand Jury.
Clara Heisler, the petitioner, is one of the operators of the Oceanview Nursing Home. The Special Prosecutor[1] issued a subpoena directing her to "appear before the Grand Jury of the County of Queens * * * as a witness in a criminal prosecution” and "to bring with you and produce” numerous books and records of the nursing home covering a five-year period. On petitioner’s motion to quash, she asserted that the prosecutor intended to use the subpoena as a device by which he would, in effect, "illegally seize” the home’s books and records *252 by removing them from the Grand Jury room and retaining them for examination by his assistants and auditors.[2]
Criminal Term denied the motion in a resettled order which provided, however, "that at all times, other than when the subpoenaed materials are being presented to the Grand Jury, a representative of the petitioner may be present when the Special Prosecutor inspects, audits or otherwise examines” them. Both parties appealed, the prosecutor from so much of the order as granted the petitioner the right to be present while the records are examined outside the presence of the Grand Jury and the petitioner from so much thereof as would have permitted the Grand Jury and the prosecutor to retain possession of them for his independent examination. It was her position that the subpoena duces tecum could only be used to require her to produce the books and records to enable her to answer questions concerning them. The Appellate Division modified the order by deleting the provision permitting the petitioner’s representative to be present during audit. Petitioner now appeals as of right.
Under CPL 610.10 (subd 3), a subpoena duces tecum directs a "witness [to whom such process is addressed] to bring with him and produce specified physical evidence”. Such a subpoena does not authorize the seizure, impoundment or other disruption in possession of records or property (Matter of Kelly, 19 FRD 269 [Weinfeld, J.]). Its function is to cause the physical evidence to which it is directed to be brought before the court. It is not intended to deprive its custodian of control which is compatible with its production. So "[o]bedience to the subpoena will be complete when the books called for are presented to the grand jury in an actual session, and are taken away again * * * as soon as the particular session adjourns” (Matter of American Sugar Refining Co., 178 F 109, 111, error dsmd 223 US 743; see, also, United States v Birrell, 242 F Supp 191, 204; Matter of Amalgamated Union v Levine, 31 Misc 2d 416, 417 [Meyer, J.]; Matter of Atlas Lathing Corp. v Bennett, 176 Misc 959; cf. Matter of Randall, 87 App Div 245; contra Robert Hawthorne, Inc. v Director of Internal Revenue, 406 F Supp 1098, 1131, n 66).
We do not suggest that a naked presentation of the records is all that is required. They may serve to refresh a witness’ *253 recollection, to enable them to be identified, and for use as direct evidence on their own. These uses, of course, are ones to be employed within the framework of the procedural protections against abuse "which attach when appearance is before a Grand Jury” or other judicial body (cf. Matter of Sussman v New York State Organized Crime Task Force, 39 NY2d 227, 232).
But what the prosecutor has been granted by the order of the Appellate Division here goes far beyond that. It gives him unsupervised possession of the petitioner’s books and records and it does so on the basis of the subpoena duces tecum alone.
This is not to say that circumstances may not arise which may be thought to warrant impoundment or other lawful interference with possession of records or property, but authorization for the imposition of such a condition must be grounded on powers and procedures not inherent in the subpoena duces tecum (Hagan, Impounding and the Subpoena Duces Tecum, 26 Bklyn L Rev 199, 213). Such additional powers do not reside in the Special Prosecutor and he may not assume them willy-nilly ex parte.
There are significant contrasts between the power of subpoena, on the one hand, and that of impoundment or inspection, on the other. Since prosecutors have no general right to discovery in criminal cases under our State law (but cf. CPL 250.20 [notice of alibi]; CPL 250.10 [notice of insanity defense]), the taking of unsupervised possession of the petitioner’s records without more must be regarded as in the nature of an impoundment. This is particularly so in this case where the subpoena, not being an office subpoena, was one issued by the Special Prosecutor on behalf of the Grand Jury rather than on his own (cf. Matter of Windsor Park Nursing Home v Hynes, 42 NY2d 243 [decided herewith]).
Impoundment is a measure so drastic that, when exercised, the taking and keeping that it brings about must be one by or solely on behalf of a court itself. By no means is it one which, as in this case, would put the prosecutor in sole possession of the petitioner’s records. It may be granted only on a demonstration of special circumstances, as, for instance, when evidence is likely to disappear or be altered unless guarded and preserved (United States v Birrell, 242 F Supp 191, 202, supra), the burden of showing which rests with the one who seeks it (Hagan, op. cit., p 215). In the present case no such application was made and no such showing even attempted.
*254 Even in the Federal courts, where authority to examine evidence subpoenaed before a Grand Jury is expressly conferred upon "attorneys for the government” by rule 6 (e) of the Federal Rules of Criminal Procedure (US Code, tit 18, Appendix; United States v Universal Mfg. Co., 525 F2d 808, 811; United States v Zirpolo, 288 F Supp 993, 1015, revd on other grounds 450 F2d 424), disclosure is subject to court supervision and authorization (United States v Universal Mfg. Co., supra, p 812; Matter of July 1973 Grand Jury, 374 F Supp 1334, esp p 1335, n 2; Matter of Pflaumer & Sons, 53 FRD 464) and conditions which strike a "proper balance” between a Grand Jury’s right to "temporary use of the books” and the right of the party whose records are involved to protection against disruption of his affairs (see Matter of Kelly, 19 FRD 269, 270, supra). While in some of the cases the records were directed to be left with the Grand Jury by court order, none of them permitted a Government attorney to take possession of them on his own (see Hagan, op. cit., 26 Bklyn L Rev 199, 225; but - see Robert Hawthorne, Inc. v Director of Internal Revenue, 406 F Supp 1098, 1106, supra).
There is no comparable statutory scheme in New York. If our Legislature had intended to authorize prosecutors to use a subpoena duces tecum to compel a witness to surrender possession of books and records for audit and examination, if that be constitutionally valid, it is to be assumed that it would have done so expressly (cf. Matter of Windsor Park Nursing Home v Hynes, 42 NY2d 243, supra [decided herewith]).
Our decision today hardly leaves law enforcement officials powerless. The custodian is required to bring the books with him to the Grand Jury not only on its return dates, but on others to which it may be adjourned so that he or any other witness who is expected to give testimony from, about or with the aid of them may be called to the stand. Skilled questioning regarding the contents of the records produced will generally elicit all the information needed (see Evans v Evans, 98 Utah 189, esp p 199). And, of course, as indicated, where circumstances warrant, a prosecutor may apply for an order of impoundment or inspection, which is within the inherent power of a court to grant (8 Wigmore, Evidence [McNaughton rev], § 2200, subd [viii]). Moreover, experience teaches that counsel, in assisting the court or Grand Jury in the expedition of its business, most often stipulate to mutually convenient modus vivendi with regard to the scope, time, place and *255 protections that relate to the particular inquiry at hand so as to alleviate burdens that achieve no substantive end.
Accordingly, since the prosecutor may not use the Grand Jury subpoena duces tecum to impound the records or conduct an inspection without specific court authorization, the order of the Appellate Division should be modified by the addition of a provision that, on petitioner’s production of the books before the Grand Jury, as directed by the subpoena, she need not surrender custody of them to that body.

. The prosecutor in this case is the deputy appointed by the Attorney-General to conduct an inquiry into the "management, control, operation or funding of nursing homes” which had been ordered by the Governor pursuant to subdivision 8 of section 63 of the Executive Law (Executive Order No. 4; 9 NYCRR 3.4; see Matter of Sigety v Hynes, 38 NY2d 260). His office is also denominated that of Special Prosecutor.

. The subpoena also was originally attacked for overbreadth and lack of relevancy to the investigation, but those issues are not raised on this appeal.