OPINION OF THE COURT
John S. Lockman, J.
Petitioners apply to the court for an order quashing the subpoenas duces tecum served upon them by respondent. (CPLR 2304).
Petitioners are three nursing homes owned and operated by the same individuals. Respondent is the Deputy Attorney-General in charge of the investigation of the nursing home *118 industry. In November of 1977, respondent served petitioners with subpoenas duces tecum calling for the production before a Nassau County Grand Jury of "all books and records” of the three nursing homes for the period from the inception of the nursing home or January 1, 1971, through and including December 31, 1975. Attached to each subpoena was a list of the records sought which included the following:
"1. General Ledger
"2. Cash Receipts Journal and Cash Disbursements Journal
"3. Purchase Journal
"4. General Journal
"5. Accounts Payable Subsidiary Ledger
"6. Accounts Receivable Subsidiary Ledger
"7. Payroll Records-Form #941, 940, W-2 statements, payroll recap record, individual earnings cards, EDP runs, and payroll ledgers.
"8. All Vendors’ invoices and delivery tickets
"9. Daily Census records
"10. All bank statements, cancelled checks, check stubs, check register and detailed deposit slips.
"11. All contracts with 1) vendors; 2) suppliers; 3) consultants; 4) persons rendering professional services; 5) financial institutions.
"12. Individual patient account cards and patient cash distribution envelopes.”
When defense counsel contacted respondent to inquire as to the subpoenas he was informed that his clients would be called upon to surrender the records in question to the Grand Jury.
Petitioners contend that in order for the Grand Jury to secure custody of subpoenaed records the prosecutor must seek a court order authorizing retention. Respondent argues that the prosecutor need only serve a subpoena. Both sides have submitted detailed briefs and supporting affidavits as to the proper construction of CPL 610.25 which governs retention of subpoenaed records. That statute provides:
"1. Where a subpoena duces tecum is issued on reasonable notice to the person subpoenaed, the court or grand jury shall have the right to possession of the subpoenaed evidence. Such evidence may be retained by the court, grand jury or district attorney on behalf of the grand jury.
"2. The possession shall be for a period of time, and on terms and conditions, as may reasonably be required for the *119 action or proceeding. The reasonableness of such possession, time, terms, and conditions shall be determined with consideration for, among other things, (a) the good cause shown by the party issuing the subpoena or in whose behalf the subpoena is issued, (b) the rights and legitimate needs of the person subpoenaed and (c) the feasibility and appropriateness of making copies of the evidence. The cost of reproduction and transportation incident thereto shall be borne by the person or party issuing the subpoena unless the court determines otherwise in the interest of justice.”
When the intent of the Legislature is apparent, it must be followed and one need not delve into extraneous indicia of legislative intent. (Matter of River Brand Rice Mills v Latrobe Brewing Co., 305 NY 36, 43). The intent of the Legislature in enacting CPL 610.25 is clear upon the face of the statute and it is even more apparent when one looks to the circumstances of its passage. In Matter of Heisler v Hynes (42 NY2d 250, 253), the Court of Appeals held that a prosecutor, in the absence of express statutory authority, could not employ a Grand Jury subpoena as a means of obtaining "unsupervised possession of * * * books and records” for the purpose of audit and examination. With unprecedented speed the Legislature, within nine days, drafted and enacted CPL 610.25 which provides a statutory scheme under which a prosecutor may obtain custody of books and records on behalf of and in aid of the Grand Jury.
Petitioners contend that in order to obtain custody of subpoenaed records a prosecutor must secure an impoundment order. Nothing in the statute supports his argument. Rather, it is apparent that to initiate an effort to secure custody the prosecutor need only serve a subpoena duces tecum. That subpoena, however, should provide the entity subpoenaed with reasonable notice that custody of the evidence is sought. (CPL 610.25, subd 1.) Only with such notice can the entity subpoenaed endeavor to invoke in court by motion the safeguards provided for in subdivision 2 of the statute. (CPL 610.25, subd 2; CPLR 2304.)
In the instant case the subpoena contained no express notice that custody would be sought. Whether the constructive notice which derived from the background of the case and the quantity of records sought or the actual notice by telephone sufficed under the statute need not be determined since the parties have chosen not to contest the adequacy of the notice.
*120 Petitioners apply for an order quashing the subpoenas or establishing reasonable terms and conditions governing the production of the subpoenaed records. (CPLR 2304, CPL 610.25, subd 2.) It is of the greatest significance here that the parties do not begin with a clean slate. Essentially the same records now sought were previously subpoenaed by respondent. On the previous occasion petitioners voluntarily produced the records and surrendered them to respondent. Respondent had ready access to the records for from one to three months. Under the circumstances, it would reasonably be anticipated that respondent would present more narrowly drawn subpoenas or explain his inability to do so.
Respondent has presented the court with Grand Jury minutes which the court has examined in camera. From what has been presented it is clear that there is a legitimate need for further investigation.
Therefore, petitioners’ motion to quash is granted without prejudice to reissuance of the subpoenas with either more precise and particular description of the records sought or an adequate explanation of respondent’s inability to be more precise and particular.