OPINION OF THE COURT
Jasen, J.
On October 28, 1976, appellant Roland Lerner, a partner in Park View Nursing Home, was served with a Bronx County Grand Jury subpoena duces tecum requiring him to produce essentially all the home’s business records for 1970 "to the present”.
In a motion to quash the subpoena, made on November 2, 1976, appellant alleged that the subpoena was unduly broad, and that since appellant was the target of a Grand Jury investigation, the subpoena violated his constitutional privilege against self incrimination. The motion was orally denied at Supreme Court, Bronx County, on November 5, 1976, and a formal order of denial was entered on December 10, 1976.
In the meantime, on November 8, 1976, a 25-count indictment against appellant was returned by the Bronx County Grand Jury, charging him with willful violation of the Public Health Laws and conspiracy in the fourth degree. All these charges arose out of a kickback scheme in which appellant had allegedly engaged.
For the second time appellant moved to quash the subpoena on December 21, 1976, now alleging that the dominant purpose of the subpoena was to acquire evidence in preparation for trial of the pending charges. Appellant also argued that the subpoena should be quashed because the materials which *333 it sought would provide information to which the Special Prosecutor already had access. Opposing the motion to quash, and cross-moving to have appellant held in contempt, the Special Prosecutor submitted a sworn affirmation advising the court that the subpoena sought information relating to an investigation of criminal activities other than those contained in the indictment.
On January 20, 1977, Supreme Court, Bronx County, heard oral argument on these motions. To preserve the confidentiality of the Grand Jury proceedings, the court heard an in camera oral statement of the Special Prosecutor out of the presence of opposing counsel. Based on the affirmation and oral statement, the court found that the dominant purpose of the subpoena was to investigate criminal activities other than those alleged in the indictment. The motion to quash was, therefore, denied and appellant was ordered to "produce and leave” all the subpoenaed records with the Grand Jury. The Appellate Division unanimously affirmed.
On this appeal, appellant’s principal contention is that "the court below erred when it based its findings as to the dominant purpose behind the Grand Jury’s post-indictment investigation solely upon verbal representations made by the prosecutor” without requiring production of the Grand Jury minutes.
 Preliminarily, it should be stated that once an indictment is issued, a Grand Jury subpoena duces tecum may not be used for the sole or dominant purpose of preparing the pending indictment for trial. Such abuse was specifically disapproved in United States v Dardi (330 F2d 316, 336, cert den 379 US 845) and constitutes a misuse of the Grand Jury process. However, where the purpose of the Grand Jury investigation is directed to other offenses, its scope should not be circumscribed and any collateral or incidental evidence from bona fide inquiries may be used by the prosecutor against the defendant at the trial of the pending indictment.
Appellant, not disputing that the "dominant purpose” rule should be applied in this case to test the validity of the Grand Jury subpoena duces tecum, argues that the evidence offered by the Special Prosecutor at Supreme Court was insufficient as a matter of law to support a finding that the dominant purpose of the subpoena was to obtain information relevant to offenses not contained in the indictment. We cannot agree.
The record adequately supports the finding of the court *334 below. At the hearing on the motion to quash the subpoena, the Special Prosecutor submitted a sworn affirmation in which he asserted that "[t]he Grand Jury * * * is continuing its investigation into whether or not additional crimes have been committed. These additional crimes include, but are not necessarily limited to, Grand Larceny, Offering a False Instrument for Filing, and Falsifying Business Records. Thus, the records sought are required to obtain evidence for different crimes than contained in the said indictment.” In addition, the Special Prosecutor was examined by the court in camera. This examination confirms the affirmation submitted and reveals in greater detail that a legitimate Grand Jury investigation was being conducted in connection with offenses not contained in the indictment. Therefore, we agree that the dominant purpose of the challenged subpoena duces tecum was directed to other offenses than those contained in the indictment.
 Contrary to appellant’s contention, the court below was not required to inspect the Grand Jury minutes before rendering its decision, but was justified in relying on the written and oral representations made by the Special Prosecutor. (Matter of Grand Jury Proceedings, 507 F2d 963, 966.) His statements were not limited to vague generalities, but detailed specific allegations of wrongdoing and reasons why the records sought would be relevant to a legitimate Grand Jury investigation. Although the court, in its discretion, might have required the Special Prosecutor to produce the Grand Jury minutes, it was not error, as a matter of law, to rely upon the affirmation and in camera oral statement. Moreover, it was not improper for the court to conduct the hearing in camera. Since Grand Jury proceedings are secret (CPL 190.25, subd 4), the in camera hearing was an acceptable means for the court to become apprised of the purposes of the subpoena, while preserving the secrecy of the Grand Jury proceedings.'
Appellant also argues that the subpoena seeks documents containing information available to the Grand Jury, and that the subpoena is overbroad. The factual showing made by the Special Prosecutor belies both these contentions. At the in camera hearing, the Special Prosecutor explained in detail the need for the subpoenaed materials in connection with investigating uncharged criminal offenses. Having established the relevancy of these documents to a legitimate Grand Jury investigation, the Special Prosecutor has the right to retain *335 and inspect them for a reasonable period of time. (CPL 610.25; Matter of Hynes v Moskowitz, 44 NY2d 383.)
Finally, appellant seeks modification of the order of Supreme Court, Bronx County, which required that he "leave” the subpoenaed records with the Grand Jury. Appellant argues that prior to the enactment of CPL 610.25, effective July 19, 1977, retention of materials obtained by a Grand Jury subpoena duces tecum was forbidden. (Matter of Heisler v Hynes, 42 NY2d 250; cf. Matter of Windsor Park Nursing Home v Hynes, 42 NY2d 243.) Since the challenged subpoena was issued prior to July 19, 1977, appellant contends that CPL 610.25 may not be applied to permit retention of the subpoenaed materials.
In raising this argument, appellant does not challenge the power of the Grand Jury to issue subpoenas, for long before the enactment of CPL 610.25 the Grand Jury had such power. (CPL 190.50, subd 3.) This power was extended by CPL 610.25 only insofar as retention of the subpoenaed material is concerned. Thus, the issue concerns the mode of compliance with a subpoena — that is, whether retention may be ordered. Since appellant has not yet complied with the subpoena, and the Grand Jury has not yet gained possession of the materials sought, it would make little sense to apply the law prior to July 19, 1977. The validity of the legal process itself not being at issue, the mode of compliance should conform to present law.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.