In the Matter of BRUNSWICK HOSPITAL CENTRE, INC., Appellant, v CHARLES J. HYNES, as Deputy Attorney-General, Respondent.

Second Department, August 11, 1980

## APPEARANCES OF COUNSEL

*Gordon J. Lang* for appellant.

*Charles J. Hynes, Deputy Attorney-General (Terrence P. Buckley* of counsel), respondent *pro se.*

## OPINION OF THE COURT

TITONE, J.

In a proceeding pursuant to CPLR 2304, petitioner, Brunswick Hospital Centre Inc. (Brunswick Hospital), appeals from so much of an order of the County Court, Suffolk County, as denied those portions of its application which sought (1) to quash two subpoenas duces tecum; (2) the return of copies made of books and records which had been turned over to the respondent Special Prosecutor; and (3) to suppress the use of any information or evidence derived from such books and records.

The record reveals that commencing in November, 1977, respondent, the Special Prosecutor in charge of the hospital, nursing home and adult care center investigations, commenced an investigation of the books and records of Brunswick Hospital. Petitioner asserts that it delivered all its books and records to accountants and other investigators in the employ of respondent from November, 1977 through September, 1978, as well as making voluntary disclosure, *inter alia,* of information concerning suppliers of petitioner hospital.

On or about September 5, 1978, a Grand Jury (Grand Jury III) was convened at the instance of the respondent to conduct an investigation of petitioner's business affairs. The Grand Jury, on September 28, 1978, issued and had served on petitioner a subpoena duces tecum returnable October 6, 1978, requiring petitioner to produce 12 enumerated categories of its records.

Between the issuance of the subpoena on September 28, 1978 and March 7, 1979, the parties engaged in legal skirmishes, with respect, *inter alia,* to the validity of such subpoena, and petitioner's compliance in producing the documents called for under the instrument. On March 7, 1979,

which was after the testimony of an employee, another Grand Jury subpoena duces tecum, returnable March 30, 1979, was served upon petitioner requesting additional records. A further dispute then occurred between the parties as to petitioner's assertion that records sought under the March 7 subpoena were not available because of their being mishandled and misplaced by respondent while in possession of his agents and employees in 1977 and 1978. A hearing was scheduled for June 13, 1979 concerning records that petitioner claimed were lost, misplaced or misfiled. Also, on June 4, 1979, County Court Judge SEIDELL entered an order, of which petitioner claims it was unaware, extending the September, 1978 term of the Grand Jury up to and including June 22, 1979, when the term expired.

Returning to the hearing scheduled for June 13, 1979 with respect to the "lost or misfiled records" of petitioner, on that date, the hearing was adjourned to June 20, 1979. On June 20, 1979 it was further adjourned, this time to June 27, 1979. On the latter date, which was five days after the expiration of the Grand Jury term, petitioner delivered additional items that were demanded under the subpoena of March 7, 1979. According to petitioner, it delivered such additional items that day without knowledge that the Grand Jury term had expired and that respondent accepted them without disclosing such fact to it.

Although the County Court denied petitioner's application to quash the two subpoenas duces tecum, it did grant that portion which demanded the return of petitioner's original documents and records. However, it denied those portions which demanded, respectively, the return to petitioner of all copies made of materials which were subpoenaed and delivered to the defunct Grand Jury, including copies of those records delivered after June 27, 1979, and the suppression of information or evidence obtained from such records.

■ ■ I believe that the County Court correctly denied the branch of petitioner's application seeking suppression of evidence in view of the fact that a criminal action was pending against petitioner at the time this matter was being litigated (see CPL 1.20, subd 16; 710.20; *United States v Calandra*, 414 US 338). However, I am of the opinion that the County Court did err in denying without reservation petitioner's request to have all copies of its records returned to it.

Pursuant to CPL article 610 a prosecutor may issue a

subpoena duces tecum requiring the individual subpoenaed to produce the items specified therein. In this instance the subpoenas issued were made on a date during the term of the Grand Jury. However, some of the records sought were not turned over to the Special Prosecutor until after the Grand Jury's term had expired without handing down an indictment against petitioner.

Prior to changes in the law set forth and discussed *infra,* it was held that authorization given a prosecutor to conduct an inquiry and issue subpoenas, did not include the right to take possession of books and records for examination and audit *(Matter of Heisler v Hynes,* 42 NY2d 250; *Matter of Windsor Park Nursing Home v Hynes,* 42 NY2d 243 [both cases decided July 7, 1977]).

As a direct result of the afore-cited two cases the State Legislature, the same year, added to, or amended, various State laws, the intent and effect of which was to overrule expressly the Court of Appeals determination in *Heisler* and *Windsor Park (supra)* so as to allow a prosecutor to take procedural steps to impound such records for audit and inspection, or in the alternative, make copies of them for the same purpose.

Two such additions or changes (L 1977, ch 451, §§ 1, 2) involve the modification of CPLR 2305, by adding subdivision (c), and amending the subpoena power of a prosecutor by enacting a new statute (CPL 610.25) which, respectively, provide as follows:

"CPLR 2305 * * *

"(c) Inspection, examination and audit of records. Whenever by statute any department or agency of government, or officer thereof, is authorized to issue a subpoena requiring the production of books, records, documents or papers, the issuing party shall have the right to the possession of such material for a period of time, and on terms and conditions, as may reasonably be required for the inspection, examination or audit of the material. The reasonableness of such possession, time, terms, and conditions shall be determined with consideration for, among other things, (i) the good cause shown by the issuing party, (ii) the rights and needs of the person subpoenaed, and (iii) *the feasibility and appropriateness of making copies of the material.* The cost of reproduction and transportation incident thereto shall be borne by the person or party

issuing the subpoena unless the court determines otherwise in the interest of justice." (Emphasis supplied.)

"CPL 610.25 Securing attendance of witness by subpoena; possession of physical evidence.

"1. Where a subpoena duces tecum is issued on reasonable notice to the person subpoenaed, the court or grand jury shall have the right to possession of the subpoenaed evidence. Such evidence may be retained by the court, grand jury or district attorney on behalf of the grand jury.

"2. The possession shall be for a period of time, and on terms and conditions, as may reasonably be required for the action or proceeding. The reasonableness of such possession, time, terms and conditions shall be determined with consideration for, among other things, (a) the good cause shown by the party issuing the subpoena or in whose behalf the subpoena is issued, (b) the rights and legitimate needs of the person subpoenaed and (c) the feasibility and *appropriateness of making copies of the evidence.* The cost of reproduction and transportation incident thereto shall be borne by the person or party issuing the subpoena unless the court determines otherwise in the interest of justice." (Emphasis supplied.)

In his 1977 practice commentary on the enactment of the new statute, CPL 610.25, Mr. Joseph W. Bellacosa made the following candid observations (McKinney's Cons Laws of NY, Book 11A, CPL 610.25):

"This amendment is part of an integrated package involving CPLR 2305, Penal Law § 215.70, Executive Law § 63, subdivision 8, and CPL § 190.25.

"It was sought by the Attorney General and the Special Prosecutor for Nursing Homes in order to offset and effectively overrule Matter of Heisler v Hynes, 42 N.Y.2d 250 * * * and Matter of Windsor Park Nursing Home v Hynes, 42 N.Y.2d 243 * * * decided by the Court of Appeals on July 7, 1977 * * *

"In what has to be one of the speediest legislative overrulings of a judicial determination in recorded history, these amendments were approved as law and became effective on July 19, 1977.

"The net purpose, assuming constitutionality of the new legislative package, *is* to permit the subpoenaing agency to retain in its possession books, documents and records for examination and audit." (Emphasis supplied.)

Although the foregoing statutes and others mentioned *supra* empower a prosecutor to retain custody of subpoenaed documents, the law remains constant that a subpoena is not a search warrant and that the State may examine a person's records but does not have an open-ended license to control them ad infinitum. Examination of records for an unreasonable length of time or any abuse in the manner of control has been equated to a seizure of property, a practice strongly condemned by the courts (cf. *People v Fairview Nursing Home,* 92 Misc 2d 694, 698).

In the instant situation the County Court granted that branch of petitioner's motion demanding return of its original documents and records. The Special Prosecutor did not oppose the granting of such relief, but limited his opposition to that portion of petitioner's application seeking also the return of the copies thereof.

In denying petitioner's request for the return of the copies of all materials subpoenaed by the Special Prosecutor, and thus permitting the latter to retain such copies, the County Court, *inter alia,* cited the determination in *People v Fairview Nursing Home (supra)* as precedent, and also justified such determination on the "history of this case and allegations of mishandling, misfiling, failure to return and inability to locate original documents".

■ In my opinion the County Court's reliance on *People v Fairview Nursing Home* is misplaced. In *Fairview,* the Special Prosecutor brought a motion for an order of impoundment seeking retention of custody of the indicted respondent nursing home's records pursuant to CPLR 2305 (subd [c]) and CPL 610.25. While Criminal Term in *Fairview* denied impoundment of the original records, it did permit the Special Prosecutor to photostat any such documents prior to their return to the nursing home. In the case at bar no such motion for impoundment has ever been made by the Special Prosecutor under the new law. Instead, such office decided to engage in self-help when, without court sanction, it proceeded to photostat or photocopy petitioner's documents after the expiration of the Grand Jury term. Also distinguishing *Fairview* from this case is that, unlike *Fairview,* in this case no indictment has been returned against petitioner. It should also be noted that there is no evidence to indicate that after the subject Grand Jury's term expired, a new Grand Jury was empaneled to continue the investigation of petitioner.

I likewise conclude that the County Court also erred in permitting the Special Prosecutor's office to retain the copied matter because of the allegations of mishandling, misfiling, etc. It is true that the Special Prosecutor's office did assert in its affirmation opposing petitioner's application that the petitioner itself created the issue herein by its repeated willful delays in producing the documents subpoenaed. However, it was the petitioner who raised the issue of mishandling and misfiling when it asserted in its moving affirmation that the Special Prosecutor's agents were responsible for such condition because of their actions in returning records to petitioner in a piecemeal and disorderly fashion. Moreover, I do not agree with the argument advanced in respondent's opposing affirmation that respondent is entitled to retain copies of petitioner's records for the purpose of using "any evidence and information gleaned therefrom at a later date." In taking such a broad stance the respondent, in effect, seeks unwarranted permission to conduct a fishing expedition of petitioner's original records through use of their duplicates.

As was quoted, *supra,* the recently enacted statutes authorizing impoundment (CPLR 2305, subd [c]; CPL 610.25), also provide that in lieu of authorizing impoundment of original records, the court may consider "the *feasibility* and *appropriateness* of making copies of the evidence" (i.e., petitioner's documents and records; emphasis supplied). Had respondent brought on a motion for impoundment pursuant to the recently enacted laws, a court could have taken into consideration the appropriateness of allowing respondent to make copies of petitioner's documents, taking into account the fact that the term of the Grand Jury had expired without an indictment being returned, whether the problems relating to the production of documents sought under the subpoenas were caused by the petitioner or the Special Prosecutor, and such other facts brought to the court's attention during argument or hearing of the motion. At this juncture it should be noted that under section 3 of chapter 413 of the Laws of 1979, effective September 1, 1979, CPL 610.25 was amended so as to provide: "Nothing in this article shall be deemed to prohibit the designation of a return date for a subpoena duces tecum prior to trial. *Where physical evidence specified to be produced will be sought to be retained in custody, notice of such fact shall be given the subpoenaed party.* In any case where the court receives or retains evidence prior to trial, it may, as

may otherwise be authorized by law, grant the issuing party a reasonable opportunity to inspect such evidence." (Emphasis supplied.)

In his practice commentary to the 1979 amendment to CPL 610.25 (subd 2) Mr. Bellacosa states, *inter alia* (McKinney's Cons Laws of NY, Book 11A, CPL 610.25): "This expansion provision establishes some mechanical rules for designation of the return date prior to trial of a subpoena duces tecum, for notice of intention to retain custody of subpoenaed material and for reasonable opportunity for inspection of court-held pre-trial subpoenaed evidence."

By a parity of reason, I believe that any prosecutor wishing to copy documents of a subpoenaed party for use in an investigation and audit should proceed under the new "mechanical rules" enunciated *supra* by setting forth reasons why it would be "appropriate" for such office to make and retain copies of subpoenaed material.

I am also of the opinion that statutory strictures set forth under CPL 610.25 (subd 2) pertaining to impoundment of original documents by a prosecutor, i.e., reasonableness of possession, limitations on periods of time, terms and conditions, shall likewise govern any judicial consideration of an application by a prosecutor to obtain copies of subpoenaed evidence.

Accordingly, the branch of petitioner's application demanding return by the prosecutor of copies of petitioner's books and records should be granted to the extent that such material be turned over to the temporary custody of the County Court within 10 days after service upon respondent of a copy of the order to be made hereon together with notice of entry thereof, with leave to the Special Prosecutor to proceed to obtain custody of such material within 20 days thereafter pursuant to CPL 610.25 (subd 2). Should the Special Prosecutor fail to timely bring such motion, or should the court deny it, then the copies of the subject records and documents shall be turned over to petitioner.

Therefore, the order of the County Court should be modified accordingly and, as so modified, affirmed.

DAMIANI, J. P., MANGANO and MARTUSCELLO, JJ., concur.

Order of the County Court, Suffolk County, dated October 11, 1979, modified, on the law, by deleting therefrom the provision denying the branch of petitioner's application which

sought the return of copies made of books and records that had been turned over to respondent and substituting therefor a provision directing respondent to turn over the copies to the County Court in accordance with the opinion herein and granting respondent leave to proceed to obtain custody of such material pursuant to CPL 610.25 (subd 2). As so modified, order affirmed insofar as appealed from, without costs or disbursements. Respondent's time to comply is extended until 10 days after service upon him of a copy of the order to be made hereon, together with notice of entry thereof, and his time to make an application for custody of the material is extended until 20 days thereafter.