Requestor: Robert C. Mulvey, Esq., County Attorney County of Tompkins County Courthouse Ithaca, New York 14850
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
Your office has asked whether a district attorney, in the course of issuing a subpoena duces tecum pursuant to the Criminal Procedure Law, must comply with the notice requirements of sections 2306 and 2307 of the CPLR.
Initially, we note that subpoenas issued in criminal actions and proceedings are separate and distinct from subpoenas issued in civil actions and proceedings. Although they share the name "subpoena", the two forms of process are essentially unrelated, deriving from separate sources of authority and serving completely different ends. Criminal subpoenas are authorized by article 610 of the Criminal Procedure Law. As with all provisions of the CPL, section 610 applies exclusively to criminal actions and proceedings. CPL § 1.10(1). Furthermore, as a general rule the provisions in article 23 of the CPLR which authorize the issuance of subpoenas are limited, as are all provisions in the CPLR, to civil actions and proceedings. CPLR §101.*
"Subpoena", as used in article 610 of the CPL, includes both subpoenas ad testification (which require the appearance of an individual to appear personally and testify); and subpoenas duces tecum (which require the production of documents). CPL § 610.10(2), (3); see,Heisler v Hynes, 42 N.Y.2d 250 (1977). Section 610.20 of the CPL sets forth the circumstances under which a criminal court (id., § 610.20[1]); the district attorney (id., § 610.20[2]) and defense counsel (id., § 610.20[3]) may issue subpoenas. The district attorney's authority is described in the following way:
 "A district attorney, or other prosecutor where appropriate, as an officer of a criminal court in which he is conducting the prosecution of a criminal action or proceeding, may issue a subpoena of such court, subscribed by himself, for the attendance in such court or a grand jury thereof of any witness whom the people are entitled to call in such action or proceeding."
Article 610 does not provide any specific notice requirements for service of subpoenas by district attorneys. With regard to subpoenas duces tecum, section 610.25 provides only that "reasonable notice" be given. CPL § 610.25(1); see, People v Bolivar, 121 Misc.2d 229
(NYC Crim Ct, 1983) (discussion of the reasonableness of notice given by a defense-issued subpoena). Section 610.40 of the CPL provides that the manner in which the subpoena is served shall be the same as that set forth in section 2303 of the CPLR.
Furthermore, there is nothing in the provisions establishing the district attorney's authority to issue subpoenas (CPL § 610.20[2]) which indicates that his authority is subject to the procedural requirements governing civil subpoenas in the CPLR.
Subdivision 3 of section 610 gives criminal defense attorneys power to issue subpoenas. Such power is limited, however, in that defense attorneys may not issue subpoenas duces tecum "to any department, bureau or agency of the state or of a political subdivision thereof, or to any officer or representative thereof". CPL § 610.20(3). If a defense attorney wishes to obtain documents from a State agency, subdivision 3 provides that a court-issued subpoena must be obtained "pursuant to the rules applicable to civil cases as provided in section twenty-three hundred seven of the civil practice law and rules". Ibid.
In answer to your question, we conclude that the CPLR's notice provisions do not apply to subpoenas duces tecum issued by prosecutors. Reference back to the CPLR is found only in the subdivision which governs subpoenas issued by defense attorneys. Prosecutor-issued subpoenas duces tecum are subject to the "reasonable notice" requirements under the CPL.
In response to the concerns raised in your letter, we note that governmental agencies served with burdensome subpoenas may — depending on the procedural posture of the case — either move to quash the subpoena or seek annulment of the subpoena by means of an article 78 proceeding. Matter of Cunningham v Ndjari, 39 N.Y.2d 314
(1976); People v Johnson, 103 A.D.2d 754 (2d Dept, 1984).
We conclude that a district attorney is not required to comply with the notice requirements of sections 2306 and 2307 of the CPLR when issuing a subpoena duces tecum pursuant to CPL § 610.20.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.
* We recognize that there may be instances — not relevant to the issues discussed in this opinion — where the provisions of the CPLR governing civil subpoenas apply to subpoenas issued in criminal proceedings.