Ftjld, J.
By virtue of the Constitution of this State (art. I, § 6) — and it is solely the Constitution of New York with which we are now concerned — a prospective defendant or one who is a target of an investigation may not be called and examined. *217 before a Grand Jury and, if he is, his constitutionally-conferred privilege against self incrimination is deemed violated even though he does not claim or assert the privilege. (See, e.g., People v. De Feo, 308 N. Y. 595, 603; People v. Ferola, 215 N. Y. 285, 289-290; People v. Gillette, 126 App. Div. 665, 667 et seq.) People v. Bermel, 71 Misc. 356, 359 et seq.) An automatic result of the violation of this constitutional privilege is that the defendant is protected not only from indictment based on any incriminating testimony which he may have given, but also from use of such evidence. And the right and protection thus accorded by the Constitution may not be taken away or cut down by statute.[1]
Section 2447 of the Penal Law, which prescribes the method by which an “ immunity ” may be conferred upon “ witnesses,” is unquestionably constitutional and valid, insofar as it is applied to witnesses who are, in truth and fact, witnesses. The statute does not apply in terms to a defendant or to one who is in the shoes of a defendant, insofar as it provides that the burden is cast upon him of claiming privilege, and any attempt to invoke it against such a person would offend against the constitutional provision to which we have referred above. In other words, since the right granted by the Constitution is automatically conferred, section 2447 is ineffectual to destroy or curtail it and any attempt to do so must be stricken as unconstitutional.
A violation of the constitutional privilege carries with it a dismissal of the indictment returned by the Grand Jury before which the defendant testified. Whether, however, it also cloaks him with an immunity, a freedom from prosecution for the crime for which he has been indicted, is a question with which we are not now concerned. Its answer must await a case in which it is presented.
The order appealed from should be affirmed.

. Since we deal with a provision of New York’s Constitution, we need not become involved, as has the dissent, with a discussion or treatment of eases in the Federal courts relating to the validity and effect of Federal compulsory testimony legislation under the Fifth Amendment of the Constitution of the United States.