THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* FREDERICK AVANT and MARGARET AVANT, Respondents.

Third Department, July 19, 1972.

*Arnold W. Proskin, District Attorney,* for appellant.

*Lyons & Duncan (Condon A. Lyons* of counsel), for respondents.

*Louis J. Lefkowitz, Attorney-General (William J. Kogan* and *Ruth Kessler Toch* of counsel), in his statutory capacity under section 71 of the Executive Law.

KANE, J. This is an appeal from an order of the County Court of Albany County, entered January 3, 1972, granting defendants' motion to dismiss indictments.

Respondents were jointly indicted, under two separate indictments, charging them with the crimes of offering a false instrument for filing, first degree (Penal Law, § 175.35) and grand larceny, second degree (Penal Law, § 155.35) arising out of an investigation of snow removal contracts and procedures between respondents and the City of Albany. In the course of the investigation, testimony and the production of certain books and records were obtained from the respondents pursuant to subpoena. Prior to testifying and producing the books and records and after consulting counsel, respondents signed waivers of immunity limiting their testimony to contracts and transactions with any political subdivision mentioned in section 103-b of the General Municipal Law which, in part, provides: "Any person who, when called before a grand jury * * * to testify in an investigation concerning any transaction or contract had with the state, any political subdivision thereof * * * refuses to sign a waiver of immunity against subsequent criminal prosecution or to answer any relevant question concerning such transaction or contract, and any firm, partnership or corporation of which he is a member, partner, director or officer shall be disqualified from thereafter selling to or submitting bids to or receiving awards from or entering into any contracts with any municipal corporation * * * for goods, work, or services, for a period of five years after such refusal or until disqualification shall be removed ".

Since respondents' testimony was used as a basis for the indictments against them, they contend that they have been deprived of the constitutionally protected right against self incrimination through the vehicle of an unconstitutional statute, section 103-b of the General Municipal Law (*Garrity* v. *New Jersey,* 385 U. S. 493; *Gardner* v. *Broderick,* 392 U. S. 273; *Malloy* v. *Hogan,* 378 U. S. 1; *People* v. *Steuding,* 6 N Y 2d 214; *People* v. *Laino,* 10 N Y 2d 161). They further contend that they were coerced into signing the waivers, having been confronted with the alternative of being denied public

contracts for five years. The court below agreed and dismissed the indictments.

We distinguish this situation presented from those where a public official or employee is compelled by statute to testify before an investigative body or forfeit his office or employment (*Gardner* v. *Broderick, supra*; *Garrity* v. *New Jersey, supra*). By passage of section 103-b, the Legislature of this State has established a special duty upon public contractors due to the trust placed in them in relation to public funds. The constitutionality of this statute was upheld (*United States ex rel. Laino* v. *Warden of Wallkill Prison,* 246 F. Supp. 72, affd. 355 F. 2d 208). The duty requires disclosure of information relevant to a transaction or contract between the witness and a public body. The penalty of disqualification is grounded in the disregard of that duty to the public and the lack of candor and frankness expected in these situations. The privilege against self incrimination may, of course, be knowingly and voluntarily waived. When a successful bidder accepts a contract he gives a contractual consent to the provisions of section 103-b and encumbers his Fifth Amendment privilege at that time when the choice is unfettered. The alleged coercive aspect or the forced waiver is in reality a change in the position of the public contractor when he is subsequently asked to testify in accordance with his contractual consent.

The statute in question is a valid exercise of police power of the State for a justifiable purpose which in the balance, transcends the individual rights in question. The right and privilege of participating in competitive bidding for governmental contracts results in these concomitant responsibilities which must include open disclosure of all relevant facts and circumstances surrounding their performance if the legislative purpose is to be realized.

When respondents voluntarily executed the waivers, the fact that their testimony resulted in subsequent indictment did not violate any constitutionally protected right. The elements of coercion found in the *Gardner* and *Garrity* cases were not present in the matter at hand, due to the differentiation in penalties and the manner in which the same accrued.

We cannot overlook other rights accrued to the People who provided the public funds that will pay the contract price. There is a constitutional right reserved to the People wherein they are entitled to require close scrutiny of public expenditures and reasonable sanctions to compel honesty and fair dealing (U. S. Const., 9th Amdt.).

The order should be reversed, on the law, and indictments reinstated.

HERLIHY, P. J. (concurring). We concur in the result reached by the majority because the affidavits of the defendants contained in the record establish that as a matter of fact the waiver of immunity was voluntarily executed. The notice of motion to dismiss the indictments is supported by an affidavit of the defendants dated October 12, 1971, several months subsequent to the return of the indictments, in which it is stated that the defendants were advised by their retained lawyer that they were targets of a snow removal investigation in Albany County and, under the circumstances, they had a constitutional right not to testify or produce their books in response to a subpoena and could refuse to sign a waiver or answer questions which might incriminate them. The defendants then stated " We said we wanted to testify and produce our records as we had nothing to hide ". Following this statement the affidavit alleges that their lawyer then informed them that if they refused to waive they would be disqualified from doing business with public agencies and the defendants advised him that a good portion of their business was in the City of Albany and they could not afford to lose that income. Accordingly, their lawyer prepared a waiver of their rights but limited to public contracts and business and thereafter the defendants, accompanied by their lawyer, presented themselves at the Grand Jury room. The affidavit then states: " He [lawyer] advised us to execute the waiver, which we did  *  *  *. We thereupon testified before the Grand Jury and the books and records which we produced were retained by the jury."

Examining the affidavits most favorably to the defendants demonstrates that the defendants' factual presentation fails to establish that either the waiver of immunity or evidence produced by them resulted from any possible coercion as a result of the existence of section 103-b of the General Municipal Law. It is conclusive from an examination of the complete record that the defendants' reliance upon the provisions of section 103-b of the General Municipal Law is not established in the present record but is an afterthought following the return of the indictments.

SWEENEY and REYNOLDS, JJ., concur with KANE, J.; HERLIHY, P. J., concurs in a separate opinion in which STALEY, JR., J. concurs.

Order reversed, on the law, and indictments reinstated.