OPINION OF THE COURT
Lawrence J. Tonetti, J.
The defendant is charged in a multicount indictment with larcenies committed in the operation of a nursing home. He brings this motion to dismiss the indictment based upon an alleged violation of his Fifth Amendment privilege against self incrimination and to suppress evidence as a consequence of an alleged Fourth Amendment violation. The motion is decided as hereinafter indicated.
*493 THE FACTS
The relevant facts, as they apply to this motion, can be detailed in short order. In the course of an investigation concerning nursing homes owned and operated by the defendant, the Special Prosecutor issued a subpoena duces tecum requiring the defendant to produce certain of his books and records. Subsequently, a stipulation was entered into, allowing the defendant to produce a single book before the Grand Jury and granting the Special Prosecutor the right to inspect all others at the defendant’s place of business. This stipulation also stated that the defendant retained all rights as if he had turned over all of the books subpoenaed to the Grand Jury. On the return date of the subpoena, defendant Zelmanowicz appeared before the Grand Jury, turned over the one book pursuant to the stipulation, and stated his name and address for the record.
It should further be noted that subsequent to defendant’s Grand Jury appearance, the Court of Appeals decided Matter of Windsor Park Nursing Home v Hynes (42 NY2d 243) and Matter of Heisler v Hynes (42 NY2d 250). These two cases put in question the propriety of the Grand Jury or the Special Prosecutor’s office taking possession of subpoenaed material and form the basis of several of the defendant’s contentions.
I. FIFTH AMENDMENT ALLEGATIONS
The defendant asserts several grounds as violations of his Fifth Amendment right against self incrimination. The first of these assertions deals with the concept of "target” immunity. This concept, deriving from section 6 of article I of the New York State Constitution and case law construing it (see People v De Feo, 308 NY 595; People v Steuding, 6 NY2d 214; People v Laino, 10 NY2d 161; People v Yonkers Contr. Co., 17 NY2d 322), maintains that where the target of an investigation is called before a Grand Jury, rather than a mere witness, in order to compel testimony, an automatic grant of immunity must be conveyed.
Two factors militate decisively against the application of this principle to the instant case. Firstly, it is axiomatic that the immunity conferred must be coextensive with the privilege waived (Counselman v Hitehcock, 142 US 547). The question, therefore, becomes just what privilege was waived entitling the defendant to immunity? It has long been estab *494 lished that no privilege against self incrimination exists as to records required by law to be kept (Wilson v United States, 221 US 361). In fact, the Court of Appeals has applied this principle specifically to nursing homes’ books and records (Matter of Sigety v Hynes, 38 NY2d 260). Thus, as the production of the documents subpoenaed could be compelled without violating Mr. Zelmanowicz’ privilege against self incrimination, a grant of immunity coextensive with the privilege waived would result in no conference of immunity.
Secondly, this court is of the opinion that the concept of "target” immunity became extinct with the advent of the Criminal Procedure Law. All cases dealing with "target” immunity construe statutes that did not provide automatic immunity for compelled testimony. Typically, a subpoenaed party, regardless of whether he be a witness or possible defendant, would have to assert his privilege in response to a given question to gain immunity. Juxtaposed against these statutes was the State Constitution guaranteeing that "[n]o person shall * * * be compelled in any criminal case to be a witness against himself’ (NY Const, art I, § 6). In order to reconcile the statutes and the State Constitution, the courts formulated the "target” immunity rule whereby a subpoenaed witness would have to assert his privilege but a "target” would receive automatic immunity, since he could not be compelled to be a witness against himself. Instructive in this area is the Court of Appeals decision in People v Steuding (supra), the lead cause on "target immunity”, which construes the old Penal Law. The court states in Steuding (p 217): "Section 2447 of the Penal Law, which prescribes the method by which an 'immunity’ may be conferred upon 'witnesses,’ is unquestionably constitutional and valid, insofar as it is applied to witnesses who are, in truth and fact, witnesses. The statute does not apply in terms to a defendant or to one who is in the shoes of a defendant, insofar as it provides that the burden is cast upon him of claiming privilege, and any attempt to invoke it against such a person would offend against the constitutional provision”.
CPL 190.40 confers automatic immunity for all compelled testimony regardless of the status of the party called. As there is no burden cast upon anyone to assert the privilege, it being automatically conferred, the provision of the former statute which offended the State Constitution with regard to "targets” has been eliminated and there is no viability for continuing *495 the dichotomy of treatment for "targets” as opposed to witnesses.
The defendant’s other Fifth Amendment arguments are based on the statute, CPL 190.40. The relevant portions of that statute are as follows: "2. A witness who gives evidence in a grand jury proceeding receives immunity unless: * * * (c) The evidence given by the witness consists only of books, papers, records or other physical evidence of an enterprise, * * * the production of which is required by subpoena duces tecum, and the witness does not possess a privilege against self-incrimination with respect to the production of such evidence. Any further evidence given by the witness entitles the witness to immunity”. The defendant does not claim a privilege with respect to the book (or by stipulation books) turned over. He does claim, however, that he gave "further evidence” and thus should receive immunity.
When the defendant appeared before the Grand Jury he turned over a book, stated his name and address and the terms of the stipulation. He now claims that the giving of his address constituted "further evidence” because the indictment charges a misappropriation of funds to this home address. In this court’s view, this statement was simply an identification of the book and the individual turning it over. Mere identification of records produced pursuant to a subpoena duces tecum does not violate the statute or the Fifth Amendment (People v MacLachlan, 58 AD2d 586; People v Kluger I, Supreme Ct, Rockland County, July 1, 1977, McNab, J.). The statutory provision contemplates "further evidence” that is self incriminatory and not that which is readily available by examination of The Bronx telephone directory.
The defendant’s second contention with regard to a statutory violation focuses on the Court of Appeals decision in Matter of Heisler v Hynes (42 NY2d 250, supra). In that case the Court of Appeals ruled that neither a Grand Jury nor a prosecutor could retain evidence pursuant to a subpoena duces tecum under the then existing statutes. It should be noted that immediately following that ruling the Legislature amended the statutes to allow such retention (see CPL 610.25; Executive Law, § 63, subd 8; CPLR 2305).
In the instant case, while only one book was retained, the defendant reserved by stipulation all his rights as though all his records had been produced. His argument now is that this *496 retention also constitutes "further evidence” and thus triggers the immunity grant in the statute.
It is this court’s opinion that this retention does not constitute "further evidence”. In Heisler (supra, p 254), the Court of Appeals states: "The custodian is required to bring the books with him to the Grand Jury not only on its return dates, but on others to which it may be adjourned so that he or any other witness who is expected to give testimony from, about or with the aid of them may be called to the stand. Skilled questioning regarding the contents of the records produced will generally elicit all the information needed”.
In other words, the evidence gathered as a result of the retention of book and records is not "further evidence” additional to that available by mere production of the books but rather the same evidence gathered through retention instead of questioning. No doubt, procedurally the Special Prosecutor erred but as this error did not result in evidence additional to that lawfully available being garnered, the defendant is not entitled to immunity.
II. FOURTH AMENDMENT ALLEGATIONS
The defendant’s Fourth Amendment arguments again center on the Heisler case. It is defendant’s position that the retention of the subpoenaed documents constituted an illegal seizure and the evidence gathered should therefore be subject to the exclusionary rule.
This court cannot accept defendant’s arguments for several reasons. It must be noted that it is undisputed that the subpoena was validly issued and the materials subpoenaed were relevant. In such an instance the United States Supreme Court in Oklahoma Press Pub. Co. v Walling (327 US 186, 208) ruled that the Fourth Amendment if it is applicable at all "at the most guards against abuse only by way of too much indefiniteness or breadth in the things required to be 'particularly described’.” The retention of the materials thus does not constitute a Fourth Amendment violation (see People v Fairview Nursing Home, 92 Misc 2d 694).
In addition, employment of the Fourth Amendment exclusionary rule would require retroactive application of the Heisler decision. The criteria for retroactivity set forth by the Supreme Court in Stovall v Denno (388 US 293, 297), clearly calls for no retroactive application. Also, the retention of *497 subpoenaed material does not raise "serious questions about the accuracy of guilty verdicts in past trials” which would mandate retroactive application (Ivan V. v City of New York, 407 US 203, 204).
Finally, while the methodology used here was condemned by the Court of Appeals, the evidence itself was certainly subject to production by subpoena and therefore inevitiably discoverable (see People v Fitzpatrick, 32 NY2d 499).
The motion is in all respects denied.