■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH M. VALVANO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered August 5, 1985, convicting him of criminal mischief in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, with prejudice, and the matter is remitted to the Supreme Court, Queens County, for entry of an order in its discretion pursuant to CPL 160.50.

The defendant was initially indicted for burglary in the third degree, criminal mischief in the second degree and possession of burglar's tools. The defendant's motion to dismiss the indictment was granted with leave to re-present based upon the failure of the District Attorney to afford defendant the opportunity to testify before the Grand Jury.

Upon representation to another Grand Jury, the defendant appeared for the purpose of testifying and signed a waiver of immunity without his attorney being present. An indictment was handed down charging the defendant with criminal mischief in the second degree and possession of burglar's tools. The defendant subsequently moved to dismiss the indictment contending that he had been denied his constitutional right to have counsel present when he testified before the Grand Jury and that that right could not be waived outside the presence of his attorney. After a hearing, Criminal Term denied the motion upon a finding that the defendant had been afforded every opportunity to have counsel present and chose not to exercise that option. The defendant pleaded guilty to criminal mischief in the third degree and was sentenced as a second felony offender to an indeterminate term of imprisonment of 1½ to 3 years.

The judgment of conviction must be reversed and the indictment dismissed, with prejudice, as the defendant's right to the assistance of counsel at every critical stage of the criminal proceedings was violated (see, NY Const, art I, § 6; People v Chapman, 69 NY2d 497).

The defendant's right to counsel had clearly attached at the time he appeared before the Grand Jury (see, People v Settles, 46 NY2d 154, 164; People v Hobson, 39 NY2d 479). That right could not then be waived without his attorney being present. Absent an effective waiver of the right to counsel, the defendant's waiver of immunity was not valid and he acquired transactional immunity which precludes his further prosecution in this matter (see, CPL 190.40; People v Chapman, supra; CPL 50.10 [1]).

In light of the above, we have not reached the merits of the defendant's other contentions. Mangano, J. P., Thompson, Kunzeman and Sullivan, JJ., concur.