THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WESLEY KIRK, Appellant. [713 NYS2d 620] —Judgment unanimously reversed on the law and indictment dismissed. Memorandum: The judgment of conviction must be reversed and the indictment dismissed because defendant's right to counsel at a critical stage of the criminal proceedings was violated (*see,* NY Const, art I, § 6; *People v Chapman,* 69 NY2d 497, 500). Defendant's indelible right to counsel had attached upon the filing of a felony complaint (*see, People v Chapman, supra,* at 500; *People v Samuels,* 49 NY2d 218, 221). Thus, when defendant appeared before the Grand Jury he could not waive his right to counsel in the absence of counsel (*see, People v Samuels, supra,* at 221-223). The physical presence of the attorney is not required where there is an assurance by the attorney that a defendant's decision to waive counsel was made in consultation with the attorney (*see, People v Beam,* 57 NY2d 241, 254; *People v Yut Wai Tom,* 53 NY2d 44, 53-54). Here however, there was no such assurance, and thus the telephone call placed by defendant's attorney to the prosecutor notifying the prosecutor that defendant would appear alone was insufficient to waive defendant's right to counsel. "[A]n attorney cannot unilaterally waive a defendant's right to counsel" (*People v Thomas,* 155 AD2d 706, 707, *affd* 76 NY2d 902). There was no evidence that the attorney obtained defendant's consent to the attorney's absence (*see, People v Tompkins,* 45 NY2d 748, 750, *cert denied* 440 US 939; *People v McCrimmon,* 142 AD2d 606; *People v Valvano,* 131 AD2d 615, *lv dismissed* 70 NY2d 756; *cf., People v Beam, supra; People v Yut Wai Tom, supra; People v Williams,* 263 AD2d 369, *lv denied* 94 NY2d 831; *People v Brown,* 244 AD2d 347, *lv denied* 91 NY2d 940).

The Grand Jury waiver of immunity, obtained in violation of defendant's right to counsel, was therefore ineffective and conferred transactional immunity upon defendant (*see, People v Chapman, supra,* at 503-504; *see also,* CPL 190.40; *People v Bartok,* 209 AD2d 530, 530-531, *lv denied* 85 NY2d 935; *People v Valvano, supra,* at 616). Based on our resolution of this issue, we need not address defendant's remaining contentions. (Ap-

peal from Judgment of Livingston County Court, Alonzo, J.—Burglary, 1st Degree.) Present—Green, J. P., Pine, Wisner, Kehoe and Balio, JJ.