| |
|:---:|
| **Kirk v State of New York** |
| 2001 NY Slip Op 30104(U) |
| November 13, 2001 |
| Court of Claims |
| Docket Number: Claim No. 104652 |
| Judge: Philip J. Patti |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

<& /claims/inclusions/header.htm &>

# KIRK v. THE STATE OF NEW YORK, #2001-013-027, Claim No. 104652, Motion No. M-63929

# Synopsis

A criminal conviction that is reversed on the ground that the defendant's right to counsel was violated does not give rise to a cause of action for unjust conviction (Court of Claims Act §8-a).

# Case Information

| | |
|---|---|
| **UID:** | 2001-013-027 |
| **Claimant(s):** | WESLEY A. KIRK |
| **Claimant short name:** | KIRK |
| **Footnote (claimant name) :** | |
| **Defendant(s):** | THE STATE OF NEW YORK |
| **Footnote (defendant name) :** | |
| **Third-party claimant(s):** | |
| **Third-party defendant(s):** | |
| **Claim number(s):** | 104652 |
| **Motion number(s):** | M-63929 |
| **Cross-motion number(s):** | |
| **Judge:** | PHILIP J. PATTI |
| **Claimant's attorney:** | WESLEY A. KIRK, Pro Se |
| **Defendant's attorney:** | HON. ELIOT SPITZER<br>Attorney General of the State of New York<br>BY: THOMAS G. RAMSAY, ESQ.Assistant Attorney General |
| **Third-party defendant's attorney:** | |
| **Signature date:** | November 13, 2001 |
| **City:** | Rochester |
| **Comments:** | |
| **Official citation:** | |
| **Appellate results:** | |
| **See also (multicaptioned case)** | |

Decision

On September 19, 2001, the following papers were read on Defendant's motion for an order of dismissal:

1. Notice of Motion and Supporting Affirmation of Thomas G. Ramsay, Esq. ("Ramsay Affirmation"), with annexed Exhibits and Memorandum of Law

2. Affidavit in Opposition ("Answering Affidavit") of Wesley A. Kirk, *pro se* ("Kirk Affidavit")

3. Reply Affirmation of Thomas G. Ramsay, Esq. ("Ramsay Reply Affirmation")

4. Filed papers: Claim

The many factual allegations in the claim relate to Claimant's 1996 arrest and 1997 conviction and subsequent imprisonment for the crimes of burglary, criminal mischief and contempt. On appeal to the Fourth Department, the conviction was reversed and the indictment was dismissed (People v Kirk, 275 AD2d 983, *rearg denied* ____ AD2d ____, *lv denied* 96 NY2d 736), and Claimant was released from prison on October 11, 2000. Claimant characterizes his claim as asserting the following causes of action: (1) false arrest; (2) "false words causing special damages;" (3) malicious prosecution; (4) false imprisonment; (5) constitutional violations; (6) abuse of process; (7) fraud and misrepresentation; (8) unjust conviction and detention; (9) "liability imposed by statute;" and (10) "fraud & misrepresentation, negligence, abuse of process, acts/omissions." Defendant now moves for an order dismissing the claim on the ground that none of the allegations set forth a viable cause of action against the State of New York.

Claimant's first cause of action, purportedly for false arrest, is based on the alleged actions of officers of the Dansville Police Department, the Livingston County District Attorney, and a private party. None of these individuals are State employees, nor were they acting as agents of the State when carrying out the actions in question. Similarly, the second, third, sixth, seventh, and ninth causes of action relate only to statements made and actions taken by private parties, Dansville Police officers, the District Attorney, and other Livingston County authorities.

Claimant's fourth cause of action, denominated as one for false imprisonment, relates to the State only because he was incarcerated in facilities operated by the Department of Correctional Services. That confinement was privileged, however, because he was lawfully imprisoned pursuant to a sentencing order from an appropriate court (Broughton v State of New York, 37 NY2d 451). To the extent that any part of the fifth cause of action, asserting various violations of the United States Constitution, may relate to State actions or State officers, they also must fail, because there exists no cause of action against the State of New York for alleged violations of an individual's rights under the United States Constitution (Davis v State of New York, 124 AD2d 420; Matter of Thomas v New York Temporary State Comm. on Regulation of Lobbying, 83 AD2d 723, *affd* 56 NY2d 656), and the State is not a "person" amenable to suit under 42 USC § 1983 (Will v Michigan Dept. of State Police, 491 US 58). Also included in the fifth cause of action are allegations that during the period from August 1997 to April 1999, Claimant's prison cell was searched every few weeks by prison guards and his property was confiscated or destroyed. Inasmuch as the claim in this action was filed in July 2001, this cause of action, which could properly be brought against the State, is untimely. Claimant's effort to argue that this conduct continued until the date of his release, October 2000, is unavailing, because a notice of intention was not served nor was a claim served and filed within ninety days of that date (Court of Claims Act §10[3]).

The only part of the tenth cause of action that relates to State officials is based on allegations that the Appellate Division, Fourth Department wrongfully failed to grant a motion for summary judgment in a December 1997 decision. The official actions of judges are entitled to absolute immunity (Fields v Soloff, 920 F2d 1114, 1119 [2nd Cir. 1990]), an immunity which bars any suit in this Court which seeks to impose liability on the State based on decisions issued by its judges (Harley v State of New York, 186 AD2d 324).

Claimant's eighth cause of action alleges that he is entitled to money damages for unjust conviction and detention, pursuant to Court of Claims Act §8-b, for the 1,451 days of his sentence that he served before being released from prison. The basis of that reversal was the Fourth Department's determination that there had been a violation of Claimant's right to counsel at a critical stage of the criminal proceedings (People v Kirk, 275 AD2d 983, *supra*).

In order to successfully maintain a claim for unjust conviction, the statute requires that a claimant prove, among other things, that he was pardoned on the ground of innocence, or that the accusatory instrument was dismissed,

or he was found not guilty after a new trial after his conviction was reversed or vacated on one of the following grounds:

(A) CPL §440.10 (1) (a) lack of personal or subject matter jurisdiction

CPL §440.10 (1) (b) duress, misrepresentation, or fraud

CPL §440.10 (1) (c) false evidence

CPL §440.10 (1) (e) incapacity of defendant

CPL §440.10 (1) (g) newly discovered evidence

(B) CPL §470.20 (1) reversal -- if based on one of the grounds in (A) -- and new trial

CPL §470.20 (2) reversal on grounds of legal insufficiency and entire accusatory instrument must be dismissed

CPL §470.20 (3) modification of judgment for legal insufficiency and dismissal of one count, if count dismissed was sole basis of imprisonment

CPL §470.20 (5) reversal or modification as against the weight of the evidence, accusatory instrument must be dismissed

(C) comparable provisions of former Code of Criminal Procedure

(D) the criminal statute, or application thereof, violated the state or federal Constitutions

Claimant's conviction was reversed pursuant to CPL §470.20(1), which permits reversal "for error or defect which resulted in prejudice to the defendant or deprived him of a fair trial." As indicated above, however, in order to give rise to a cause of action for unjust conviction, such a reversal must be "based upon grounds set forth in item (A) hereof", *i.e.*, for lack of personal or subject matter jurisdiction; duress, misrepresentation, or fraud; false evidence; incapacity of defendant; or newly discovered evidence. Subdivision (h) of CPL §440.10(1), which permits reversal of judgments "obtained in violation of a right of the defendant under the constitution of this state or of the United States" -- which includes the right to the assistance of counsel at critical stages in the proceedings (People v Chapman, 69 NY2d 497; Coleman v Alabama, 399 US 1, 7) -- is not listed as one of the statutory grounds recognized by Court of Claims Act §8-b. Consequently, a criminal conviction that is reversed on the ground that the defendant's right to counsel was violated cannot give rise to a cause of action for unjust conviction and imprisonment, because such a reversal is not based on one of the grounds enumerated in the statute (*see*, Fudger v State of New York, 131 AD2d 136 [double jeopardy]; Gordon v State of New York, 141 Misc 2d 242 [due process: tainted identification procedure]; *see also*, Tyson v State of New York, 182 Misc 2d 707 [reversal based on CPL §440.10(1)(f)]). I find no merit to Claimant's argument that the reversal was also based on the criminal court's lack of jurisdiction, which is one of the enumerated grounds.

In light of these rulings, the Court need not address Defendant's arguments regarding the timeliness of the various causes of action.

Defendant's motion is granted, and Claim No. 104652 is dismissed.

November 13, 2001
Rochester, New York

HON. PHILIP J. PATTI
Judge of the Court of Claims

<& /claims/inclusions/footer.htm &>