■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY R. WALRAD, Appellant. [802 NYS2d 535]—Lahtinen, J. Appeals (1) from a judgment of the County Court of Tompkins County (Rowley, J.), rendered April 18, 2003, upon a verdict convicting defendant of the crimes of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree, and (2) from a judgment of said court, rendered February 5, 2004, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was convicted of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree after a jury rejected his attempt to present a justification defense. Defendant claimed that he was operating the motor vehicle to transport his girlfriend to a nearby hospital for treatment of what he thought was a life-threatening complication of a fistula which had been implanted in her arm to aid in kidney dialysis. Originally sentenced to a five-year term of probation and a fine, he was later resentenced—after a probation violation—to a term of imprisonment of 1 to 3 years.* On appeal, defendant addresses only his judgment of conviction arguing that he was denied the effective assistance of counsel and County Court's charge to the jury on the defense of justification was improper.

We find neither argument persuasive. Defendant's justification defense was effectively advanced at trial and a review of the record reveals that defendant was provided with meaningful representation and a fair trial. Nor did County Court's charge on the defense of justification unfairly shift the burden of proof to defendant as he argues (see Penal Law § 35.05 [2]; People v Craig, 78 NY2d 616, 622-624 [1991]). The charge consistently and repeatedly instructed the jury that the People have the burden of proving each of the elements of the crimes charged as well as disproving the defense of justification.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgments are affirmed.

---

* Although defendant filed a notice of appeal from the judgment revoking his probation, he failed to address that issue in his brief and has therefore abandoned it (see People v Murray, 7 AD3d 828, 830 n [2004], lv denied 3 NY3d 679 [2004]).