In the Matter of SIDNEY C. TRUDEAU, Petitioner, v RICHARD E. CANTWELL, as District Attorney of Clinton County, et al., Respondents. [817 NYS2d 760]—

Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondents from prosecuting petitioner in the County Court of Clinton County on an indictment charging him with course of sexual conduct against a child in the first degree (two counts) and endangering the welfare of a child (two counts).

On August 11, 2004, felony complaints were filed against petitioner charging him with course of sexual conduct against a child. Thereafter, petitioner was indicted by the Clinton County grand jury and charged with two counts of course of sexual conduct against a child and two counts of endangering the welfare of a child. On April 25, 2005, County Court dismissed three of the four counts of the indictment and, after transfer to Supreme Court, the remaining count of the indictment was dismissed on June 1, 2005, without prejudice and with leave to resubmit the matter to another grand jury. The People advised petitioner that they intended to resubmit the case to a grand jury and demanded that petitioner notify respondent District Attorney if he intended to appear before the grand jury as a witness on his own behalf.

On June 2, 2005, petitioner notified the People that he wished to testify before the grand jury and, on June 6, 2005, the People notified petitioner's previously assigned counsel that the matter would be presented to a grand jury on June 13, 2005. On that date, petitioner informed the Assistant District Attorney handling the grand jury proceedings that he wished to consult with counsel before executing a waiver of immunity. The Assistant District Attorney contacted petitioner's previously assigned counsel by phone and petitioner spoke with him. The previously assigned counsel informed petitioner that he could not advise

petitioner about his appearance before the grand jury because he no longer was petitioner's attorney. The Assistant District Attorney then advised petitioner that he could not testify before the grand jury unless he signed a waiver of immunity, which petitioner did in the absence of counsel. Petitioner thereafter was indicted and again charged with two counts of course of sexual conduct against a child in the first degree and two counts of endangering the welfare of a child.

Petitioner unsuccessfully moved to dismiss the indictment pursuant to CPL 210.20 (1) (d) on the ground that his uncounseled appearance before the grand jury afforded him transactional immunity. He has now brought this CPLR article 78 proceeding against the District Attorney and respondent Timothy Lawliss, as Justice of the Supreme Court, seeking to prohibit his further prosecution under said indictment.[1]

The issue here distills to whether petitioner's indelible right to counsel had attached at the time of the resubmission of his case to the grand jury. If so, his purported waiver of immunity without the presence of counsel was ineffective, and he is entitled to transactional immunity for any charges emanating from or connected with his testimony. The seminal case in this state dealing with this issue is *People v Chapman* (69 NY2d 497 [1987]). There, a felony complaint was filed against the defendant and he was arraigned thereon with retained counsel, who thereafter was relieved of his representation due to the defendant's failure to pay his fees. When the defendant's case was presented to the grand jury, he appeared, signed a waiver of immunity and testified, all in the absence of counsel (*id.* at 499). The Court of Appeals held that "defendant's indelible right to counsel had attached when the felony complaint against him was first filed, and that right continued throughout the criminal proceeding, notwithstanding the order relieving the [defendant's initial] attorney" from the representation (*id.* at 500 [citations omitted]). Thus, the Court found that the defendant's waiver of immunity was obtained in violation of his state constitutional right to counsel, and he therefore received transactional immunity for any charges based on the testimony given (*id.* at 503-504).

Respondents claim that *Chapman* is not dispositive of this case because here, unlike *Chapman*, petitioner's right to counsel derived from the previously filed felony complaints and ensuing indictment and such right expired with the dismissal of said indictment. We disagree.

---

1. While Lawliss, in his answer, averred that prohibition does not lie in this proceeding, the issue has not been briefed and we deem it abandoned (*see People v Walrad*, 22 AD3d 883, 883 n [2005]).

The Criminal Procedure Law specifically provides that a dismissal authorizing resubmission of the charge to a grand jury constitutes an order holding the defendant for the action of a grand jury with respect to such charge (*see* CPL 210.45 [9]). Here, on the very day that Supreme Court dismissed the indictment with leave to resubmit, the People advised the court that they intended to do so and told petitioner that if he wished to testify before the grand jury, he must notify the District Attorney's office in writing pursuant to CPL 190.50 (5) (a).[2] To suggest that the temporary cessation of the criminal proceeding negated petitioner's right to counsel is specious. The purpose of *Chapman's* dictate is equally applicable here: to provide a person accused of a serious crime with legal advice when most critically needed (*see People v Chapman, supra* at 500).

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Adjudged that the petition is granted, without costs, and respondents are prohibited from proceeding with the prosecution of the charges contained in indictment No. 41-1-2005.

---

2. Of course, there was no need for such notification if no action was pending (*see* CPL 190.50 [5] [a]).