■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH H. MUNHALL, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered June 18, 1981, upon a verdict convicting defendant of the crime of grand larceny in the second degree. Defendant was found guilty of embezzling in excess of $165,000 while serving as Director of Institutional Retail Services of the Department of Mental Hygiene during a period from August 1, 1978 through December 31, 1979. As director, he was responsible for the receipt and disbursement of moneys from the community store fund which consisted of deposits from various State-run stores in mental health facilities throughout the State. It is his contention on this appeal that there are two grounds for reversal. First, oral admissions made by him to a police officer were improperly received in evidence as spontaneous declarations, and, second, the trial court's determination of ownership of the embezzled funds, as a matter of law, was in error. In our view, there must be an affirmance. The oral statements uttered by defendant to a State Police investigator in the office of defendant's employer during an initial investigative interview were properly held to be admissible as spontaneous declarations. The police officer had merely identified himself when defendant blurted out: "I expected to get caught. I didn't know they were going to call you people. Am I

under arrest for using the money?" When advised he was not under arrest and the nature of the investigation was explained, defendant stated: "I took it all", along with other inculpatory remarks. Both the court at a *Huntley* hearing and the jury by its verdict found the statements purely voluntary, and not the result of any inducement, provocation, or encouragement. The record demonstrates proof beyond a reasonable doubt to support such findings (*People v Rivers,* 56 NY2d 476; *People v Lanahan,* 55 NY2d 711; *People v Maerling,* 46 NY2d 289). Defendant's conflicting version of the circumstances of the questioning merely raised issues of credibility which were resolved against him (see *People v Gruttola,* 43 NY2d 116, 122). Second, the court ruled, as a matter of law, that the money embezzled represented funds of the State of New York, the Office of Mental Health, or a psychiatric facility operating a community store, and thus was a subject for larceny. Defendant contends that the fund in question constituted a constructive trust held by him for the benefit of others and, as such, could not be the subject matter of larceny. In support of this argument, defendant asserts that it was a "Sole Custody Fund", exempt from control by the State Treasurer, the Comptroller and the Legislature. He argues that the possessory interest held by him is similar to that found in *People v Yannett* (49 NY2d 296). *Yannett* is, of course, factually distinguishable and presents a completely different circumstance, one dealing with Medicare funds held by a nursing home operator which were subject to reimbursement as moneys owed to patients. Under such circumstance, Yannett was found to be holding moneys in constructive trust, under a legal duty to reimburse the excess amount paid by patients over the Medicare allotment. Here, we have a totally different circumstance involving the outright theft of State funds under the control of a State officer (*Blatt Bowling & Billiard Corp. v State of New York,* 14 AD2d 144, 145). Judgment affirmed. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.