■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JEANNE RYDELL, Appellant.—Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered June 5, 1990, convicting defendant upon her plea of guilty of the crime of burglary in the second degree.

Defendant's only contention on appeal is that County Court erred in failing to suppress certain statements that she claims were the fruits of an illegal detention. The record reveals, however, that defendant voluntarily accompanied the State Troopers to the police barracks and that, at the time the questioning commenced, she was not in custody and was free to leave (see, People v Centeno, 76 NY2d 837, 838; People v Anderson, 145 AD2d 939, 940, lv denied 73 NY2d 974). Neither the fact that she was a suspect in a burglary investigation nor that she was advised of her Miranda warnings prior to the interview establishes to the contrary (see, People v Basso, 140 AD2d 448, 449-450). While defendant was present at the police barracks, the police obtained a statement from Theresa Van Zile which implicated defendant in the burglary, providing probable cause for defendant's subsequent arrest. The testimony of two State Troopers also indicates that defendant was given and understood her Miranda rights, and any contrary testimony merely presented a question of credibility for County Court to resolve (see, People v Munhall, 92 AD2d 1060, 1061). Under the circumstances, County Court properly denied defendant's motion to suppress.

Mikoll, J. P., Levine, Mercure, Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed.