■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BERNARD H. WEAVER, Respondent.—Mahoney, P. J. Appeals (1) from an order of the County Court of Columbia County (Zittell, J.), entered June 1, 1990, which, *inter alia,* partially granted defendant's motion to suppress evidence, and (2) from an order of said court, entered May 23, 1990, which granted defendant's motion to dismiss count No. 1 of the indictment.

On April 26, 1989, defendant was charged by indictment with seven counts of third degree sodomy stemming from alleged acts with a male victim under 17 years of age. Defendant thereafter moved to, *inter alia,* dismiss count No. 1 of the indictment as barred by the Statute of Limitations and to exclude from trial tape recordings of conversations between himself and the alleged victim. Defendant also moved to suppress statements he allegedly made to investigating officers from the State Police and District Attorney's office.

Several proceedings in County Court followed, including a *Huntley* hearing to determine the admissibility of defendant's statements to the above-mentioned officers and a *Ventimiglia* hearing to determine the admissibility of certain prior bad acts of defendant. County Court thereafter entered an order which, *inter alia,* granted defendant's motion to suppress the tape recording as inaudible and to suppress the incriminating statements given by defendant to the investigating officers. County Court also denied the People's motion to introduce defendant's prior bad acts and separately ordered count No. 1 of the indictment dismissed as barred by the Statute of Limitations. This appeal followed.

We affirm. As a preliminary matter, we note that because neither the suppression of the tape recording nor the *Ventimiglia* prior bad acts was pursuant to CPL 710.20, neither part of the order suppressing them is appealable at this juncture of the proceedings *(see,* CPL 450.20 [8]; *see also, People v Garofalo,* 71 AD2d 782, *appeal dismissed* 49 NY2d 879). The People's appeal from the suppression order, then, inasmuch as it is statutorily allowed (CPL 450.20), is limited to County Court's suppression of defendant's statements to the investigating officers *(see,* CPL 450.20 [8]; 710.20).

As to those statements, a reading of the suppression hearing minutes reveals that, in February 1989, State Police Investigator John Holt and District Attorney's Investigator David Harrison went to interview defendant regarding the previously mentioned allegations. Previous conversations between Holt and Harrison revealed that the District Attorney's office was of the opinion that sufficient evidence existed to arrest defendant for third degree sodomy. Harrison testified that "I [had] in my mind to go and arrest [defendant] that day" and that, had defendant attempted to leave during the interview, Harrison would have "[p]robably arrested him". Harrison also stated that defendant was given *Miranda* warnings, and the interview was concluded after defendant had made incriminating statements and requested a copy of the tape recordings for his attorney.

In our view, "the entire confrontation was designed to deliberately subjugate the defendant to the authority of the police and to extract a confession without the benefit of the preinterrogation warnings" *(People v McIntyre,* 138 AD2d 634, 636, *lv denied* 72 NY2d 959). We reject the People's argument that *Miranda* warnings were not required because defendant was not in custody. Applying the objective standard of "whether a reasonable person in the defendant's position, innocent of any crime, would have believed he was free to leave the presence of the police" *(People v Bailey,* 140 AD2d 356, 358; *see, People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851), we find that, given the nature of the interview, defendant was not in a position to leave and, as County Court noted, the investigators were constrained "not to proceed further * * * without giving defendant his *Miranda* warnings". The fact that the investigating officers had determined that there was sufficient evidence to arrest defendant prior to questioning him required that defendant, under these circumstances, be given *Miranda* warnings prior to the questioning. Accordingly, and given that these issues present largely fac-

tual questions the resolution of which should not be disturbed unless against the weight of the evidence *(see, People v McIntyre, supra)*, we find that the statements were properly suppressed.

Finally, we affirm County Court's order dismissing count No. 1 of the indictment as barred by the Statute of Limitations. Given the attenuated relationship between the allegedly defective original accusatory instrument and the indictment, we take the view that the prosecution failed to meet its "burden of persuasion beyond a reasonable doubt in establishing that the limitation has been tolled" *(People v Kohut,* 30 NY2d 183, 191).

Casey, Levine, Mercure and Harvey, JJ., concur. Ordered that the orders are affirmed.