■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT BELL, Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered April 3, 1990, upon a verdict convicting defendant of the crimes of rape in the first degree (three counts), sodomy in the first degree (two counts) and endangering the welfare of a child (three counts).

On February 17, 1989 a police officer of the Village of Menands in Albany County contacted State Police Investigator James Horton and requested assistance in an investigation involving defendant because three juveniles had given statements alleging that defendant had engaged in various sex acts with them. Horton and his partner proceeded to defendant's place of employment in the City of Albany and requested that defendant speak with them, preferably at State Police barracks. Defendant was neither arrested nor given the *Miranda* warnings at this time and allegedly voluntarily accompanied

the investigators to the barracks. When confronted with the juveniles' statements, defendant gave an oral incriminating statement that was later reduced to writing. After the statement had been obtained, defendant was read his *Miranda* warnings. During defendant's interview, members of the Menands Police, who had been waiting outside the interrogation room, arrested defendant.

On this appeal, defendant contends that County Court erred in failing to suppress the statements he made to the State Police. Specifically, defendant alleges that he was in custody at the time and had not been given the *Miranda* warnings, and that the delay in filing a criminal complaint against defendant deprived him of his right to counsel. We do not agree.

The standard for determining whether a defendant is in custody is whether a reasonable person, innocent of any wrongdoing, would believe he was in custody under the circumstances *(People v Centano,* 76 NY2d 837), and the question is generally a factual issue *(supra).* County Court's decision is supported by the fact that defendant voluntarily accompanied the police to the station *(see, People v Rydell,* 175 AD2d 956), that defendant was not restrained *(see, People v Tasker,* 166 AD2d 753, *lv denied* 77 NY2d 844) and that defendant was not told he could not leave *(see, People v Dawson,* 166 AD2d 808, *lv denied* 77 NY2d 876). The subjective intent of what the Menands Police, who were waiting outside the interrogation room, would have done if defendant attempted to leave is not relevant, since it was not known by or conveyed to defendant *(see, People v Crocker,* 125 AD2d 132). The State Police investigators who interviewed defendant indicated that defendant would not have been arrested if he had not given the inculpatory statements *(cf., People v Weaver,* 177 AD2d 809 [police determined that they had sufficient information to arrest the defendant before questioning him, and the evidence indicated that the police approached the defendant intending to arrest him and probably would not have allowed him to leave the interview]). County Court did not err in finding that the *Miranda* warnings were not required prior to defendant's oral statement.

We note that the Menands Police officer stated that he had written felony complaints against defendant that he did not file. Defendant urges that this intentional delay was intended to postpone attachment of his right to counsel and renders his statements inadmissible, citing *People v Cooper* (101 AD2d 1). The *Cooper* case, however, focused on the possibility of a

waiver of the right to counsel in a custodial setting. Here, defendant was found not to be under arrest or in custody. Police need not stop an investigation at the first indication that they have probable cause to make an arrest *(see, People v Keller,* 148 AD2d 958, *lv denied* 73 NY2d 1017), and here County Court specifically found that the delay in filing the complaint was due solely to an attempt to strengthen the police case and not to deny defendant of his right to counsel.

We reject defendant's claim that the prosecutor's cross-examination of defendant was prejudicial and requires reversal. Assuming that the prosecutor's questions effectively asked defendant to characterize all of the prosecution witnesses as liars, the improper questioning was at most harmless error given the overwhelming evidence of guilt supporting defendant's convictions *(see, People v Ely,* 164 AD2d 442, *lv denied* 77 NY2d 905). Accordingly, the judgment of conviction should in all respects be affirmed.

Weiss, P. J., Mikoll, Mercure and Crew III, JJ. concur. Ordered that the judgment is affirmed.