■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD D. PELLOR, Appellant. [801 NYS2d 637]—

Kane, J. Appeal from a judgment of the County Court of Schuyler County (Argetsinger, J.), rendered March 4, 2004, convicting defendant upon his plea of guilty of the crimes of sodomy in the first degree and promoting an obscene sexual performance by a child.

As a result of his sexual contact with two girls under the age of 11 between December 2001 and March 2003, defendant was charged in two indictments with numerous sex-related crimes. He pleaded guilty to sodomy in the first degree and promoting

an obscene sexual performance by a child with respect to only one of the victims in satisfaction of both indictments, as well as a third indictment that charged him with sexual abuse in the first degree. Although no specific agreement was made with respect to the sentence, County Court agreed to concurrent sentences and to a determinate prison term of anywhere between five years and 20 years on the sodomy conviction, to be followed by five years of postrelease supervision. Defendant was ultimately sentenced to concurrent prison terms of 20 years for sodomy in the first degree and 2¹/₃ to 7 years for promoting an obscene sexual performance by a child. He now appeals.

Initially, we find no merit to defendant's contention that he was deprived of due process by virtue of the prosecutor's comments during sentencing regarding crimes for which he was not convicted. The record reveals that although the prosecutor attempted to refer to such matters, upon defense counsel's objection County Court advised the prosecutor that they were irrelevant to the sentence to be imposed and would not be considered. Moreover, considering defendant's criminal history and the disturbing nature of the crimes of which he was convicted, involving the victimization of an innocent child, we find no extraordinary circumstances or an abuse of discretion that would warrant a reduction of the sentence in the interest of justice (see People v Agan, 301 AD2d 968 [2003]; People v Fox, 274 AD2d 665, 666 [2000]).

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.