■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM PHILLIPS, Appellant. [865 NYS2d 787]—

Malone Jr., J. Appeals (1) from a judgment of the County Court of Greene County (Pulver, Jr., J.), rendered April 17, 2007, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree, criminal sexual act in the first degree and endangering the welfare of a child (two counts), and (2) by permission, from an order of said court, entered April 17, 2007, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In June 2006, defendant was indicted for the crimes of rape in the first degree, criminal sexual act in the first degree and two counts of endangering the welfare of a child. The first two counts stem from two separate incidents in the Village of Catskill, Greene County, in which defendant allegedly engaged in sexual intercourse and oral sexual conduct with victim A, a nine-year-old girl. The remaining counts stem from an incident in which defendant allegedly showed a pornographic movie to victim A and victim B, a 10-year-old girl.

Prior to trial, defendant moved to suppress an incriminating written statement he made to police on the basis that it was made without having been advised of his *Miranda* rights and was the product of police coercion. After County Court denied that motion, defendant moved pro se to reopen the hearing based on his allegation that the statement was taken in violation of his right to counsel as the police knew that, at the time

the statement was taken, he was represented by counsel on unrelated charges. County Court also denied that motion.

A jury trial then ensued, following which defendant was convicted of sexual abuse in the first degree, as a lesser included offense of rape in the first degree, criminal sexual act in the first degree and two counts of endangering the welfare of a child. He was sentenced to an aggregate prison term of 34 years. Defendant appealed from the judgment of conviction and thereafter moved pursuant to CPL 440.10 to vacate the judgment alleging *Brady* violations by the People. This motion was denied by County Court. Defendant also appeals, by permission of this Court, from that order.

Initially, we are not persuaded that County Court erred in denying defendant's pro se motion to reopen the suppression hearing. Defendant accompanied police to the police station, was informed of his *Miranda* rights and was told that he was being questioned regarding allegations that he had sexual intercourse and oral sexual conduct with victim A. After waiving his right to counsel, defendant made a written incriminating statement with respect to those charges. Although at the time of the questioning defendant was represented by counsel with respect to two counts of endangering the welfare of a child, he was not in custody on those prior charges and was therefore free to waive his right to counsel for questioning on the new, transactionally unrelated charges (*see People v Cohen*, 90 NY2d 632, 638 [1997]; *People v Steward*, 88 NY2d 496, 502 [1996]; *see generally People v Bing*, 76 NY2d 331 [1990]).

Next, defendant contends that County Court erred by allowing one of the People's witnesses to testify in detail regarding statements victim A made to her about the alleged sexual acts committed by defendant under the "prompt outcry" exception to the hearsay rule. Generally, testimony regarding the outcry is limited to the nature of the complaint and to the fact that the complaint was made (*see People v McDaniel*, 81 NY2d 10, 18 [1993]; *Matter of Gregory AA.*, 20 AD3d 726, 727 [2005]). However, given the overwhelming evidence of defendant's guilt, including his own incriminating statement, we find any such error to be harmless inasmuch as it cannot be said that there was a "significant probability" that the jury would have acquitted defendant had this testimony not been admitted (*People v Crimmins*, 36 NY2d 230, 242 [1975]; *see People v Banks*, 27 AD3d 953, 955 [2006], *lv denied* 7 NY3d 752 [2006]; *compare People v Allen*, 13 AD3d 892, 894 [2004], *lv denied* 4 NY3d 883 [2005]).

Defendant's contention that County Court's *Sandoval* ruling was an abuse of discretion was not properly preserved for appel-

late review as he did not object to the ruling (*see People v Johnson*, 213 AD2d 791, 793 [1995], *lv denied* 85 NY2d 975 [1995]; *see also People v Jackson*, 46 AD3d 1408, 1408-1409 [2007], *lv denied* 10 NY3d 841 [2008]). Also not preserved for review are defendant's contentions that his incriminating statement should have been suppressed as it was the product of a warrantless arrest in his home, that certain testimony provided by the People's expert was improperly admitted, that the prosecutor made improper statements during summation and that County Court gave improper jury instructions. As such, we consider them only in the context of defendant's claim that he was denied the effective assistance of counsel (*see* CPL 470.05 [2]).

First, defense counsel's alleged failure to move to suppress his written statement on the basis that it was a product of a warrantless arrest in his home did not render defense counsel's assistance ineffective. A suppression hearing was held and the circumstances under which defendant traveled to the police station were discussed at length. Significantly, defendant voluntarily accompanied the police to the station, and he was not restrained or otherwise made to believe that he was not free to leave (*see People v Parker*, 49 AD3d 974, 976 [2008], *lv denied* 10 NY3d 868 [2008]; *People v Bell*, 182 AD2d 858, 859 [1992], *lv denied* 80 NY2d 927 [1992]). As a result, County Court determined that defendant was not in custody at the time that he was transported to the police station nor at the time that he made the incriminating statement, which determination is entitled to deference (*see People v Strong*, 27 AD3d 1010, 1012 [2006], *lv denied* 7 NY3d 763 [2006]).

Nor was counsel ineffective for failing to object to the testimony offered by the People's medical expert in which she presented victim A's medical history, as related to her by the victim. Even if such testimony were determined to be improperly admitted hearsay testimony, any such error would be harmless in light of the clear evidence of defendant's guilt (*see People v Crimmins*, 36 NY2d at 242). Similarly, we are unconvinced that counsel was remiss in failing to object to certain remarks made by the prosecutor during summation or to the jury charge articulated by County Court inasmuch as such remarks were fair comment on the evidence (*see People v Watkins*, 49 AD3d 908, 909 [2008], *lv denied* 10 NY3d 965 [2008]; *People v Cherry*, 46 AD3d 1234, 1237-1238 [2007], *lv denied* 10 NY3d 839 [2008]), and the instruction to the jury adequately conveyed the proper standards and burdens of proof that were to be applied (*see People v Walrad*, 22 AD3d 883 [2005]). Moreover, the record

reveals that, among other things, defense counsel put forth a reasonable defense, made the appropriate pretrial motions and competently cross-examined witnesses. Considering the totality of the circumstances, defendant was provided with meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

We find no merit in defendant's claim that County Court erred by denying his CPL 440.10 motion on the ground that he was substantially prejudiced by the People's failure to timely disclose *Brady* material. While a *Brady* violation occurs when the People fail to turn over material that could be used to impeach the credibility of a crucial prosecution witness (*see People v Baxley*, 84 NY2d 208, 213 [1994]; *People v Williams*, 50 AD3d 1177, 1179 [2008]), reversal is required only where there is a "reasonable possibility" that the disclosure of such material would have produced a different result at trial (*People v Bond*, 95 NY2d 840, 843 [2000]). Here, the People failed to disclose that victim A's mother, who testified for the prosecution, was under investigation for drug-related offenses at the time of defendant's trial. However, even if this witness could be deemed to be crucial, her credibility was already blemished in that she admitted on direct examination that she was convicted of assault and twice convicted of possessing crack cocaine, and she also admitted to having a drug abuse problem for which she planned to enter a rehabilitation program. Thus, although the information regarding the drug investigation may have provided the defense with additional impeachment material, it cannot be said that there is a reasonable possibility that the result at trial would have been different had the information been disclosed prior thereto (*see People v Griffin*, 48 AD3d 894, 896 [2008], *lv denied* 10 NY3d 959 [2008]).

Finally, in light of the facts of this case and given defendant's prior criminal history, we do not find that the sentence imposed was unduly harsh and excessive or otherwise an abuse of discretion. Nor has defendant demonstrated that extraordinary circumstances exist which would warrant a modification in the interest of justice (*see People v Pellor*, 21 AD3d 1222, 1223 [2005], *lv denied* 6 NY3d 816 [2006]).

Mercure, J.P., Peters, Spain and Stein, JJ., concur. Ordered that the judgment and order are affirmed.