# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1095**

**KA 11-01802**

PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RAHEEN M. GAYDEN, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (LAWRENCE L. KASPEREK OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Monroe County Court (Vincent M. Dinolfo, J.), entered August 1, 2011. The order denied the motion of defendant to vacate the judgment of conviction pursuant to CPL 440.10.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, the motion is granted, the judgment is vacated and a new trial is granted.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]). In appeal No. 2, defendant appeals from an order denying his motion seeking to vacate the judgment of conviction pursuant to CPL 440.10. Defendant contends with respect to each appeal that, in failing to disclose the status of an essential prosecution witness as a paid informant, the People violated their obligations under *Brady v Maryland* (373 US 83). We address that contention in the context of defendant's appeal from the order, as opposed to the appeal from the judgment, and we agree with defendant that it has merit. We therefore dismiss the appeal from the judgment in appeal No. 1 as academic, and we thus do not address the contentions raised in that appeal.

We note at the outset that the following quote from *People v Fuentes* (12 NY3d 259, 263, *rearg denied* 13 NY3d 766) is instructive: "[t]he Due Process Clauses of the Federal and State Constitutions both guarantee a criminal defendant the right to discover favorable evidence in the People's possession material to guilt or punishment . . . [, and i]mpeachment evidence falls within the ambit of a prosecutor's *Brady* obligation . . . To establish a *Brady* violation, a

defendant must show that (1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material . . . In New York, where a defendant makes a specific request for a document, the materiality element is established provided there exists a 'reasonable possibility' that it would have changed the result of the proceedings" (*see People v Hayes*, 17 NY3d 46, 50, *cert denied* ___ US ___, 132 S Ct 844).

Here, there is no dispute that defendant satisfied the first element of the *Fuentes* test inasmuch as the People do not dispute that the prosecution witness at issue was a paid informant and do not contend that evidence of the status of that witness is not favorable to defendant. The People's contention that County Court erred in determining that defendant satisfied the second element of the *Fuentes* test is beyond the scope of our review under CPL 470.15 (1) (*see People v Concepcion*, 17 NY3d 192, 196). We note in any event that "[t]he mandate of *Brady* extends beyond any particular prosecutor's actual knowledge" (*People v Wright*, 86 NY2d 591, 598, citing *Giglio v United States*, 405 US 150), and " 'the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police' " (*id.*, quoting *Kyles v Whitley*, 514 US 419, 437; *see People v Santorelli*, 95 NY2d 412, 421).

We further conclude that the court should have granted defendant's CPL 440.10 motion insofar as it sought vacatur of the judgment of conviction on the basis of the *Brady* issue. Here, defendant made a specific request for *Brady* material including agreements between the People and their witnesses, disclosure of whether any information was provided by an informant, and the substance of that informant's information. We conclude that "there exists a 'reasonable possibility' that [such material] would have changed the result of the proceedings" (*Fuentes*, 12 NY3d at 263; *see People v Harris*, 35 AD3d 1197, 1197).

Entered: November 15, 2013                    Frances E. Cafarell
                                              Clerk of the Court