# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**297**

**KA 12-02135**

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

BRIAN T. SMITH, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JON P. GETZ OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Monroe County Court (Frank P. Geraci, Jr., J.), entered October 12, 2012. The order denied the motion of defendant pursuant to CPL article 440.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order denying, without a hearing, his CPL article 440 motion to vacate the 2007 judgment convicting him following a jury trial of manslaughter in the first degree (Penal Law § 125.20 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [former (2)]) in connection with the shooting death of a man in Rochester (*People v Smith*, 93 AD3d 1345, *lv denied* 19 NY3d 967). Defendant contends that County Court erred in denying his motion because the People violated their *Brady* obligations by failing to disclose the status of a prosecution witness as a paid informant. We reject that contention.

It is well established that "[t]he Due Process Clauses of the Federal and State Constitutions both guarantee a criminal defendant the right to discover favorable evidence in the People's possession material to guilt or punishment," and that "[i]mpeachment evidence falls within the ambit of a prosecutor's *Brady* obligation" (*People v Fuentes*, 12 NY3d 259, 263, *rearg denied* 13 NY3d 766). To make out a successful *Brady* claim, "a defendant must show that (1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material . . . In New York, where a defendant makes a specific request for [an item of discovery], the materiality element is

established provided there exists a 'reasonable possibility' that it would have changed the result of the proceedings" (*id.; see People v Garrett*, 23 NY3d 878, 885, *rearg denied* 25 NY3d 1215).

Here, there is no dispute that defendant established the first and second elements of the *Fuentes* test inasmuch as the People concede that evidence of the witness's status as a paid informant is favorable to defendant, and that such evidence was suppressed by the prosecution. With respect to the third element, even assuming, arguendo, that defendant made specific requests for information encompassing the witness's status as a paid informant in unrelated cases as well as any compensation that she received in exchange for evidence implicating defendant in the present case, we conclude that, "although [such] information . . . may have provided the defense with additional impeachment material, it cannot be said that there is a reasonable possibility that the result at trial would have been different had the information been disclosed" (*People v Phillips*, 55 AD3d 1145, 1149, *lv denied* 11 NY3d 899; *see People v Sibadan*, 240 AD2d 30, 35-36, *lv denied* 92 NY2d 861). Indeed, the verdict did not turn solely or predominantly on the witness's testimony inasmuch as other evidence established defendant's responsibility for the shooting (*see People v Johnson*, 107 AD3d 1161, 1165-1166, *lv denied* 21 NY3d 1075; *cf. People v Gayden* [appeal No. 2], 111 AD3d 1388, 1389-1390). Even assuming, arguendo, that the witness's testimony was important, we note that her credibility was strongly impeached on far more critical issues, including her ongoing relationship with the only other suspect who reasonably could have been implicated in the shooting (*see Phillips*, 55 AD3d at 1149; *Sibadan*, 240 AD2d at 35).

Entered:  April 29, 2016                    Frances E. Cafarell
                                            Clerk of the Court