People v Reed (2018 NY Slip Op 02068)





People v Reed


2018 NY Slip Op 02068


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


274 KA 16-01139

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SEAN REED, JR., DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






MICHAEL L. D'AMICO, BUFFALO (PHILLIP A. MODRZYNSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Erie County (M. William Boller, A.J.), dated May 9, 2016. The order denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting defendant upon his plea of guilty of, inter alia, assault in the third degree and criminal possession of a controlled substance in the third degree (two counts). 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Supreme Court, Erie County, for a hearing pursuant to CPL 440.30 (5).
Memorandum: Defendant appeals from an order denying his CPL article 440 motion to vacate a judgment convicting him upon his plea of guilty of, inter alia, assault in the third degree (Penal Law
§ 120.00 [1]) and two counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1]). He contends that Supreme Court should have granted the motion and vacated the judgment on the ground that testimony given at the suppression hearing was false, and the prosecutor knew that such testimony was false. He further contends that the prosecutor failed to disclose exculpatory evidence.
The court denied the motion on the ground that the issues raised by defendant had either been decided in a prior CPL article 440 motion (see CPL 440.10 [3] [b]), or could have been raised in that prior motion (see CPL 440.10 [3] [c]). Although a court may refuse to consider issues that were or could have been raised in prior postjudgment motions, we nevertheless "exercise our discretion to reach the merits" (People v Pett, 148 AD3d 1524, 1524 [4th Dept 2017]; see People v Pinto, 133 AD3d 787, 790 [2d Dept 2015], lv denied 27 NY3d 1004 [2016]; see generally People v Hamilton, 115 AD3d 12, 21 [2d Dept 2014]), and we conclude that the court erred in denying the motion without a hearing. We therefore reverse the order and remit the matter for a hearing pursuant to CPL 440.30 (5).
While investigating an alleged assault, law enforcement officers sought to obtain the location of defendant and a minor whom the officers believed had been assaulted by defendant. In order to do so, the officers "pinged" a cell phone used by the minor earlier that day. At the suppression hearing, a law enforcement officer testified that the phone that had been "pinged" belonged to the minor. Based on that testimony, the court determined that defendant lacked standing to challenge the police conduct of pinging the cell phone.
In support of his CPL article 440 motion, defendant submitted police reports wherein the officer who had testified at the suppression hearing (testifying officer) stated that law [*2]enforcement officers were "pinging" a phone that belonged to defendant. Defendant further submitted affidavits from the minor and her grandmother, who had sought the aid of law enforcement, indicating that the minor's phone had broken days before the police action and that they had informed the testifying officer and prosecutor of that fact either the day on which the police pinged the cell phone or, at the very least, at some date before the suppression hearing. Indeed, the minor averred that she had testified before the grand jury that her phone had broken and that defendant's cell phone was the only phone that she and defendant had used during the relevant time period. Defendant contends that the minor's grand jury testimony constituted exculpatory evidence that was not disclosed to the defense despite a specific request therefor.
It is well settled that prosecutors have the duty "not only to disclose exculpatory or impeaching evidence but also to correct the knowingly false or mistaken material testimony of a prosecution witness" (People v Colon, 13 NY3d 343, 349 [2009], rearg denied 14 NY3d 750 [2010]). Defendant has submitted credible documentary evidence establishing that the testifying officer's testimony at the suppression hearing was false and that the prosecutor knew or should have known that the testimony was false (see CPL 440.10 [1] [c]; cf. People v Passino, 25 AD3d 817, 818-819 [3d Dept 2006], lv denied 6 NY3d 816 [2006]; People v Latella, 112 AD2d 321, 323 [2d Dept 1985]; see generally People v Washington, 128 AD3d 1397, 1398-1399 [4th Dept 2015]). Moreover, defendant has submitted credible documentary evidence establishing that the prosecutor failed to disclose material, exculpatory evidence (see People v Fuentes, 12 NY3d 259, 263 [2009], rearg denied 13 NY3d 766 [2009]; People v Gayden [appeal No. 2], 111 AD3d 1388, 1389 [4th Dept 2013]).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court